# Exhibit "A"



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Woodcrest Apartments LLC                                         01/10/2022
 registered agent correspondences
Interstate Filings LLC / LLC Publishing Corp.
301 Mill Road Suite U-5
Hewlett NY 11557

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2022-51

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be
directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT:
All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to
SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:**<br>**Entity Served If Different:** | Woodcrest Apartments LLC<br>Woodcrest Village Apartments LLC |
|---|---|---|
| 2. | **Title of Action:** | David Montes Ponce, Individually and as the Administrator of the Estate of Luz Selene Valezquez vs.<br>Woodcrest Village Apartments, LLC |
| 3. | **Document(s) Served:** | Summons<br>Demand for Twelve Person Jury<br>Complaint for Damages<br>Plaintiff's First Request for Production of Documents to Defendant |
| 4. | **Court/Agency:** | Cobb County Magistrate Court |
| 5. | **State Served:** | Georgia |
| 6. | **Case Number:** | 21-A-4543 |
| 7. | **Case Type:** | Premises Liability |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Monday 01/03/2022 |
| 10. | **Date to Client:** | Monday 01/10/2022 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Wednesday 02/02/2022 | <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Nicole Y. Jones, Esq.<br>Douglasville, GA<br>770-934-8789 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 111 |
| 16. | **Notes:** | Please note an unexpected delay in delivery of the document for processing was experienced.  We apologize for any inconvenience.<br>Also Attached:<br>* Plaintiff's First Interrogatories to defendant, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal
counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems
that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default
judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service
of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate
Creations Network Inc.

# STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

CIVIL ACTION NUMBER  21-A-4543

$198.00 COST PAID

MONTES - PONCE, DAVID

**PLAINTIFF**
VS.

WOODCREST VILLAGE APARTMENTS,
LLC

**DEFENDANT**

### SUMMONS

TO: WOODCREST VILLAGE APARTMENTS, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Nicole Jones**
> **Jones Federal & Appellate LLC**
> **6554 Spring Street**
> **Douglasville, Georgia 30134**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 28th day of December, 2021.**

Clerk of State Court




Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

12 East Park Square, Marietta, Georgia 30090-9630
(770) 528-1220 Building B, First Floor-Civil Division

Page 1 of 1



ID# E-JSH2AT3J-FTV
📧 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-4543**

DEC 27, 2021 01:38 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

DAVID MONTES PONCE,        )        **JURY TRIAL DEMANDED**
Individually and as the    )
Administrator of the Estate of )
                           )        **Case No.**
LUZ SELENE VALEZQUEZ,      )
                           )
          Plaintiff        )
                           )
     v.                    )
                           )
                           )
WOODCREST VILLAGE          )
APARTMENTS, LLC,           )

          Defendant.

### <u>DEMAND FOR TWELVE PERSON JURY</u>

COMES NOW DAVID MONTES PONCE AND LUZ SELENE

VALEZQUEZ, Plaintiffs in the above matter, and hereby demands a twelve person

jury pursuant to O.C.G.A 15-12-122 as to all issues so triable in the above matter.

This 27th day of December, 2021.

Respectfully submitted,

_/s/Nicole Y. Jones__
**Nicole Y. Jones, Esq**. 001352
**Justin L. Jones, Esq.** 154504
6554 Spring Street
Douglasville, Georgia 30134
(770) 934-8789
**William A. Tiku, Esq. 142256**
2470 Windy Hill Road, Suite 116
Marietta, GA 30067
Office (770) 272-9470



ID# E-JSH2AT3J-FCH
🏛 EFILED IN OFFICE
CLERK OF STATE COURT
COBB COUNTY, GEORGIA

**21-A-4543**

DEC 27, 2021 01:38 PM

*Robin C. Bishop*
Robin C. Bishop, Clerk of State Court
Cobb County, Georgia

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

DAVID MONTES PONCE,
Individually and as the
Administrator of the Estate of
LUZ SELENE VALEZQUEZ,
    Plaintiff

v.

WOODCREST VILLAGE
APARTMENTS, LLC,
    Defendant.

)
)
)
)
)
)
)
)
)
)

**JURY TRIAL DEMANDED**

**Case No.**

### COMPLAINT FOR DAMAGES

COMES NOW, Plaintiffs, David Montes Ponce and Luz Selene Valezquez, and files this Complaint for Damages, respectfully showing this Honorable Court the following:

### PARTIES AND JURISDICTION

1. Plaintiffs, DAVID MONTES PONCE and LUZ SELENE VALEZQUEZ, are residents of the state of Georgia.

2. Defendant, WOODCREST VILLAGE APARTMENTS, LLC, is a FOREIGN corporation existing under the laws of GEORGIA with its principal place of business in DELAWARE and may be served through its registered agent, CORPORATE CREATIONS NETWORK, INC. located at 2985 Gordy Parkway, 1st Floor, Marietta GA 30006.

- 1 -



3. Venue is proper because Defendant, Woodcrest Village Apartments, LLC, complex is located in the STATE OF GEORGIA specifically DeKalb County at 2325 Woodcrest Walk, Lithonia GA 30058, however they have accepted service through their registered agent in Cobb County.

## FACTS

4. The Plaintiffs specifically reassert and incorporate by reference each and every allegation contained in Paragraphs 1-3 above as if fully forth set herein.

5. On May 5, 2017, Mr. Montes and his wife, Luz Selene Valezquez, traveled from their residence in Mableton, Georgia to the Woodcrest Village Apartments in Lithonia

6. Mr. Montes had plans to purchase a cell phone from an internet seller who instructed Mr. Montes to meet at 2325 Woodcrest Walk, Lithonia GA 30058, Unit 1700.

7. Mrs. Valezquez was sitting in the front passenger seat and Mr. Montes was driving the vehicle.

8. Upon arriving at the designed address, Mr. Montes had to enter through the open gates and past an unmanned security station at the apartment complex.

9. Upon arriving at the designed address and parking the vehicle in a parking spot of the barely lit apartment complex parking lot, Mr. Montes sent a message to the seller that he had arrived at the destination.

10.     Mr. Montes's vehicle was approached from the rear by two unknown males.

11.     Mr. Montes opened his car door and was met by individual showing him the cell phone that he had come to purchase.

12.     Mr. Montes was told that the cell phone did not have a charger with it.

13.     One of the sellers stated that they needed to go into the apartment to look for the charger and entered into an apartment.

14.     A third person then exited the apartment.

15.     Mr. Montes attempted to leave as he believed he was being sold a fake cellphone.

16.     It was at that time that the individual with the cell phone produced a hand gun.

17.     The individual began opening fire, striking the vehicle an unknown amount of the times, striking the "B" Pillar of one of the apartment complexes, and shattering the glass of the driver's side window of Mr. Montes' vehicle.

18.     Mr. Montes quickly backed out of the parking spot to flee the gunshots.

19.     The suspects ran on foot behind the apartment complex into the night.

20.     Mr. Montes drove his vehicle towards the front entrance of the apartment complex.

21.     At the front entrance of the apartment complex Mr. Montes was able to see that his wife was bleeding from the chest.

22.     Mr. Montes attempted to flag down other drivers at Woodcrest and Covington Highway.

23.     DeKalb County Police Department responded to the 911 call.

24.     Ms. Luz Selene Valezquez was transported to Atlanta Medical Center where she was pronounced dead from a gunshot wound to the chest.

## COUNT 1

## PREMISES LIABILITY

25.     Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 24 as if fully restated.

26.     The Plaintiffs were invitees to this premises.

27.  The Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as the Plaintiffs.

28.     The Defendant owed nondelegable duty of reasonable care in keeping the premises safe for all residents of Woodcrest Apartments.

29.     The Defendant breached their duties to Plaintiffs by failing to exercise ordinary care to keep its premises safe.

30.     Defendant had prior and superior knowledge, including actual and/or constructive knowledge, regarding the dangerous environment inside the apartment complex and surrounding the Defendant's location.

31.     Therefore, the Defendant should have foreseen that it was likely that an additional injury would result from its failure to take precautions to protect persons on the premises, including Plaintiffs, from violent confrontations such as the one that caused the Plaintiff Valezquez's injuries and subsequent death on May 5, 20017.

32.    Defendant's breach of duties to keep the premises safe was a cause in fact and a proximate cause of the Plaintiff Valezquez's injuries and subsequent death.

33.    Defendant failed to take reasonable measures to prevent the assault of Plaintiffs from occurring on the premises.

34.    Defendant is liable for Plaintiffs' injuries and subsequent death of Plaintiff Valezquez, pain and suffering, and all elements of damages allowed under the laws of the State of Georgia.

## COUNT II

## NEGLIGENCE PER SE

35.    Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 34.

36.    Defendant Woodcrest Village Apartment, LLC's negligence in keeping the subject premises safe, violate O.C.G.A. § 51-3-1 and constitutes negligence per se, or negligence as a matter of law.

37.    As a direct and proximate result of Defendant's negligence per se, Plaintiffs suffered and will continue to suffer emotional and mental distress from the senseless death of Luz Selene Valezquez.

38.     Plaintiffs are entitled to recover the damages described in these

paragraphs and all other damages allowed under Georgia law as a result

of Defendant's negligence per se.

## COUNT III

## ASSAULT AND BATTERY

39.     Plaintiffs reallege and incorporate herein the allegations contained

in Paragraphs 1 through 35.

40.     At the time of the incident, the Plaintiffs were assaulted by three

unknown assailants, later the shooter was identified as Raiem A.

Singleton

41.     Singleton along with the two unknown assailants did unlawfully

commit assault and battery upon the Plaintiffs as well as felony murder

upon the Plaintiff Velazquez by shooting at the Plaintiffs' vehicle in an

attempted robbery on the premises of Woodcrest Village Apartments.

42.     The unlawful assault and battery was "offensive" to the Plaintiffs

in that it caused the Plaintiffs pain and suffering, anguish, and mental

distress.

43.     As a direct proximate result of Defendant conduct, Plaintiffs have

suffered damages in an amount to be determined at trial.

## COUNT IV

## PAIN & SUFFERING

44.     Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 43.

45.     By reason of the wrongful, negligent, and careless acts of Defendant, Plaintiffs' lives have been dramatically altered.

46.     The actions of the Defendant resulted in a personal injury to the Plaintiffs and the wrongful death of the Plaintiff Valezquez.

47.     As a result of the Defendant's negligent acts, Defendant is liable for all damages recoverable under Georgia Law.


## COUNT V

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.     Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 47.

49.     The Defendant's conduct was extreme and outrageous and was intended to and did cause Plaintiffs to suffer severe mental distress.

50.     Defendant's actions constituted an intentional and willful infliction of emotional distress upon Plaintiffs for which Defendant is

liable to Plaintiffs for general, special, and punitive damages where allowed by law.

51.     As a proximate result of Defendant's conduct, Plaintiffs have suffered mental pain, anguish, and continued emotional distress.

## COUNT VI

## PUNITIVE DAMAGES

52.     Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 51.

53.     The foregoing acts of the Defendant's amount to willful misconduct, malice, wantonness, oppression or the entire want of care which would raise the presumption of conscious indifference to consequences.

54.     Defendant's intentional acts of assault, battery, murder, and intentional inflection of emotional distress authorize an award of punitive damages.

## COUNT VII

## ATTORNEY'S FEES

55.     Plaintiffs reallege and incorporate herein the allegations contained in Paragraphs 1 through 54.

56.     Defendant acted in bad faith and has caused unnecessary trouble
        and expense which entitles to reimbursement for the expenses of
        litigation, including reasonable attorney's fees.

57.     Pursuant to O.C.G.A. § 13-6-11, Plaintiffs are entitled to attorney's
        fees and expenses of litigation.

**WHEREFORE**, Plaintiffs demand a jury trial and prays as follows:

a.) That service of process be made upon Defendant according to law;

b.) That Plaintiffs recover from Defendant a sum in the amount to be
    determined by the enlightened conscience of a jury for pain and
    suffering, the full amount of related expenses for aggravated damages to
    deter the Defendant from committing similar wrongs or Plaintiffs
    recover an amount to fairly compensate for his loss sustained as
    determined by this court;

c.) That the Plaintiffs recover costs and reasonable attorney's fees pursuant
    to O.C.G.A. § 13-6-11;

d.) That all issues be tried by a jury; and

e.) For such other and further relief as the Court may deem just and proper.

Submitted this 27th day of December, 2021.

                Respectfully submitted,

                _/s/Nicole Y. Jones__
                **Nicole Y Jones, Esq. 001352**
                **Justin L. Jones, Esq. 154504**
                6554 Spring Street
                Douglasville, GA 30134
                (770) 934-8789 (Telephone)
                (678) 550-9847 (Facsimile)

                **William A. Tiku, Esq. 142256**
                2470 Windy Hill Road, Suite 116
                Marietta, GA 30067
                Office (770) 272-9470

# IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DAVID MONTES PONCE, Individually and as the Administrator of the Estate of LUZ SELENE VALEZQUEZ, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff | ) | **Case No.** |
| v. | ) | |
| WOODCREST VILLAGE APARTMENTS, LLC, | ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WOODCREST VILLAGE APARTMENTS, LLC

COMES NOW DAVID MONTES PONCE, by and through counsel and pursuant to O.C.G.A., Section 9-11-34 and serves First Request for Production of Documents to WOODCREST VILLAGE APARTMENTS, LLC, (hereinafter referred to as "Defendant") or someone acting on Defendant's behalf, to inspect and copy any designated documents (including writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary into reasonable usable form), or to inspect and copy, test, or sample any tangible things which constitute or contain matters

within the scope of subsection (b) of Code Section 9-11-26 and which are in possession, custody, or control of the party upon whom the request is served. To permit entry upon designated or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of subsection (b) of Code Section 9-11-26. The Party upon whom a request is served shall serve a written response within thirty-three (33) days after the service of the request. The response shall state, with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is objected to, in which event the reasons for objection shall be stated. If an objection is made to part of an item or category, the part shall be specified. In the event the Defendant tenders an objection, the Plaintiff reserves the right to move for an order under subsection (a) of Section 9-11-37 which respect to any such objection to or other failure to respond to the request or any part thereof, or any failure to permit inspection as requested to compel compliance and applicable sanctions if warranted.

When used in Request for Production of Documents, the term "Defendant" or any synonym thereof is intended to and shall embrace and include all predecessors, subsidiaries, divisions, affiliates and agents and employees, in addition to said Defendant, counsel for Defendant, and all agents, servants,

employees, representatives, private investigators, and others who are in possession of or may have information for or on behalf of the Defendant.

This Request for the Production of Documents shall be deemed continuing, and supplemental answers shall be required if the Defendant either directly or indirectly obtains further information or the nature sought herein between the time that this request is responded to and the time of trial.

These documents shall be produced at 10:00 a.m. on the first business day following the 31st day following the receipt of this request at the offices, unless arrangements are made between the parties.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1. "Document" shall mean every writing or record of every type and description that is or has been in possession, custody, or control or of which the **party** has knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2. "Person" shall many any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3. To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

    a. The title or other means of identification of each such document;

    b. The date of each such document;

    c. The author of each such document;

    d. The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

    e. The present location of any and all copies of each such document in the care, custody, or control of Defendant;

    f. The names and current addresses of any and all persons who have custody or control of each such document or copies therof; and

    g. If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4. To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5. "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6. "Complaint" refers to the Complaint filed by Plaintiff in this action.

7. "Defendant", "You" and "Your" refers to Woodcrest Village Apartments, LLC, and any agents, attorneys or other representative.

## DOCUMENTS REQUESTED

1. A complete copy of the policy and procedure manual for security and safety for the apartment complex.

2. A copy of any guest policy for the complex that is given to all residents.

3. A copy of all contracts with any landscaping company for the premise for the past 10 years.

4. A copy of any and all written documentation, including but not limited to any call logs to management for notification of crimes committed on the property for the past 10 years.

5. A copy of all call logs to management regarding resident complaints about crime and security for the past 10 years.

6. A copy of any and all upgrades made to security for the premise for the past 10 years including gate, controlled access panel, video monitoring of the premise, and staffed security.

7. A copy of the lease agreement for all police officers residing on the property.

8. A copy of the agreement between the property and the police officers residing on the property.

9. A copy of any and all security agreements and/or contracts including a security company or individual employees.

10. A copy of a blank rental agreement that is completed by all residents.

11. A copy of any and all written rules for the residents.

12. Any and all pictures taken of the incident scene on the night of the attack (May 5, 2017).

13. A picture of the security gate.

14. A picture of the security cameras throughout the complex.

15. A copy of the security video of the area of the attack.

16. A copy of any and all written communications between management and owner of the property regarding crime in the area for the past 10 years.

17. A picture of any "No Trespassing" signs on the property and identify the area of where they are located.

18. A copy of the time sheets for all employee who were working on May 5, 2017

19. A copy of the time sheets for all contract workers who were working on May 5, 2017.

20. A copy of any agreements between the complex and police officers in exchange for reduce rent for security purposes.

21. A copy of all written communications to residents regarding crime in the area and on the premise.

22. A copy of all written communications to the residents regarding any security problems.

23. A copy of all written communications to residents regarding the fence surrounding the premise.

24. A copy of all work orders for the fence for the past 10 years.

25. A copy of all invoices for work performed on the fence for the past 10 years.

26. A copy of all invoices for work performed on the security gate for the past 10 years.

27. A copy of all purchase agreements and/or real estate contracts for the apartment complex for the past 10 years.

28. A copy of all work orders for the security lights on the premise for the past 10 years.

29. A copy of all invoices for work performed on the security lights for the past 10 years.

30. A copy of the keypad entry log for the entire day of May 5, 2017.

31. A copy of all communication, both verbal and written, between management and local law enforcement regarding crime in the area for the past 10 years.

32. A copy of security video footage for May 5, 2017 from 7:00 pm until 11:59 pm.

33. A complete map of the property identifying all security points on the premise.

34. A complete list containing the initials of all residents that are on Section 8 housing at the complex for the month of March, April, and May 2017.

35. A copy of the yearly budget for the complex for the past 10 years.

36. A copy of any written communication requesting repair or replacement of the fence for the past 10 years.

37. A copy of any written communication requesting repair or replacement of the security gate for the past 10 years.

38. A copy of any written communication requesting repair or replacement of any security surveillance cameras and monitors.

39. A copy of any written communication requesting repair or replacement of any keypad entry point at the complex for the past 10 years.

40. A copy of any and all written communication between management and owner regarding condition and repair of the property including but not limited to the fence surrounding the premise, the security gate at the entry of the complex, and the apartments themselves.

Submitted this 27th day of December, 2021.

Respectfully submitted,

_/s/Nicole Y. Jones__
**Nicole Y Jones, Esq. 001352**
**Justin L. Jones, Esq. 154504**
6554 Spring Street
Douglasville, GA 30134
(770) 934-8789 (Telephone)
(678) 550-9847 (Facsimile)

**William A. Tiku, Esq. 142256**
2470 Windy Hill Road, Suite 116
Marietta, GA 30067
Office (770) 272-9470

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| DAVID MONTES PONCE, Individually and as the Administrator of the Estate of LUZ SELENE VALEZQUEZ, Plaintiff<br><br>v.<br><br>WOODCREST VILLAGE APARTMENTS, LLC, Defendant. | ) ) ) ) ) ) ) ) ) ) |

**JURY TRIAL DEMANDED**

**Case No.**

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT WOODCREST VILLAGE APARTMENTS

COMES NOW PLAINTIFF DAVID MONTES PONCE individually and as the Administrator of the Estate of LUZ SELENE VALEZQUEZ, by and through his attorney, and submits the following interrogatories to be answered by Defendant WOODCREST VILLAGE APARTMENTS, LLC, as provided by law, pursuant to O.C.GA. § 9-11-33.

Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them. The party upon whom the interrogatories have been served shall serve a

copy of the answers, and objections if any, within 33 days after service of the interrogatories.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.  "Document" shall mean every writing or record of every type and description that is or has been in Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.  "Person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.  To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

a.  The title or other means of identification of each such document;

b.  The date of each such document;

c.  The author of each such document;

d.  The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

e.  The present location of any and all copies of each such document in the care, custody, or control of Defendant;

f.  The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

g.  If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed.

4.  To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and

to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.   "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.   "Defendant" refers to the Woodcrest Village Apartments and its formally known as names.

7.   "Complaint" refers to the Complaint filed by Plaintiff in this action.

8.   If there is a claim of privilege with respect to any response please provide a privilege log which states the nature of the information being withheld, the general subject matter of the withheld information, a statement of the facts consisting the basis for any claim of privilege, and the specific basis on which the privilege is claimed.

9.   Each interrogatory set forth herein refers to information in the custody, control, and possession of or known to Defendants' counsel, representatives, agents, servants, investigators and consultants, and their counsel, employees, representatives, agents, servants, investigators and consultants.

Interrogatory No. 1.

Set forth in detail your full name, address, all information reflecting who is responding to the questions.

Answer:

Interrogatory No. 2.

List **all** known locations of **all** cameras that had the areas of the incident in view, regardless if recording was taken at the time of the incident.

Answer:

Interrogatory No. 3.

Describe **all** the ways that crimes can be reported and stored by Defendant.

Answer:

Interrogatory No. 4.

Describe **all** ways that crimes and injuries are documented, tracked, and stored by Defendant Woodcrest Apartments, LLC including but not limited to:

- a. All the parties that manage the information?
- b. Which documents/reports that are produced?
- c. Which departments or persons receive these documents/reports?
- d. Who reviews these documents/reports?
- e. What type of actions are taken based upon these documents/reports?

Answer:

Interrogatory No. 5.

List any and all agreements/contracts in which other parties have assumed any responsibility for the security of the complex.

Answer:

Interrogatory No. 6.

Name all contractors and/or employees responsible for the security in the complex.

Answer:

Interrogatory No.  7.

Describe the following in detail:

a.  The method for supervising the contractors responsible for spotting security and safety problems and

b.  How they fulfill their duties, including a list of things monitored and audited, frequency of monitoring and audits, and description of things monitored and audited.

Answer:

Interrogatory No. 8.

List specific codes, regulations, and industry Standards that Defendant considers authoritative regarding security and safety of the complex.

Answer:

Interrogatory No. 9.

Describe in detail why Defendant believes that they have no ownership or responsibility to maintain security and safety in the Woodcrest Apartment complex.

Answer:

Interrogatory No. 10.

Describe in detail the Defendants policy on allowing tenants to sell items.

Answer:

Interrogatory No. 11.

Describe in detail the Defendants policy on allowing tenants and guests invited to the property.

Answer:

Submitted this 27th day of December, 2021.

Respectfully submitted,

_/s/Nicole Y. Jones__
**Nicole Y Jones, Esq. 001352**
**Justin L. Jones, Esq. 154504**
6554 Spring Street
Douglasville, GA 30134
(770) 934-8789 (Telephone)
(678) 550-9847 (Facsimile)

**William A. Tiku, Esq. 142256**
2470 Windy Hill Road, Suite 116
Marietta, GA 30067
Office (770) 272-9470

JAN 0 3 2022

# Exhibit "B"

## IN THE STATE COURT OF COBB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| DAVID MONTES PONCE, Individually | ) | CIVIL ACTION |
| and as the Administrator of the Estate of | ) | |
| Luz Selene Valezquez, | ) | FILE NO. 21-A-4543 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WOODCREST VILLAGE | ) | |
| APARTMENTS LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING NOTICE OF REMOVAL

Woodcrest Village Apartments LLC ("Defendant") notifies this Court and all other interested parties that it has filed a Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division, removing this action to said Court pursuant to 28 U.S.C. §§ 1441 and 1446.  A true and correct copy of the Notice of Removal is attached hereto as Exhibit "A" and incorporated herein by reference.

Defendant respectfully requests that this Court take no further action with regard to this case.

Respectfully submitted, this 31st day of January, 2022.

**KERSHAW WHITE LLC**

5881 Glenridge Drive, Suite 100
Atlanta, Georgia 30328
470-443-1100 main phone
470-344-0958 direct phone
404-748-1179 fax

*jeff.kershaw@kershawwhite.com*

**s/ Jeffrey A. Kershaw**
**JEFFREY A. KERSHAW**
Georgia Bar No. 159054

***Counsel for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ***Notice of Filing Notice of Removal*** has been filed with the Clerk of Court via PeachCourt which will automatically send e-mail notification of such filing to the following attorneys of record:

Nicole Y. Jones, Esq.
Justin L. Jones, Esq.
Jones Federal & Appellate LLC
6554 Spring Street
Douglasville, GA  30134
*nicole.jones@jfa-law.com*
*justin.jones@jfa-law.com*

**Counsel for Plaintiff**

William A. Tiku, Esq.
Tiku & Associates, P.C.
2470 Windy Hill Road, Suite 116
Marietta, GA  30067
*tiku@tikuassociates.com*

**Co-Counsel for Plaintiff**

Respectfully submitted, this 31st day of January, 2022.

**KERSHAW WHITE LLC**

5881 Glenridge Drive, Suite 100
Atlanta, Georgia 30328
470-443-1100 main phone
470-344-0958 direct phone
404-748-1179 fax

*jeff.kershaw@kershawwhite.com*

**s/ Jeffrey A. Kershaw**
**JEFFREY A. KERSHAW**
Georgia Bar No. 159054

**Counsel for Defendant**